KGO                                                                                                          7806a-21001

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINIOIS

| | |
|---|---|
| JOE ROTH, as Co-Administrator of the Estate of JAMIE ROTH, Deceased, and KELLY KOZEMCZAK, as Co-Administrator of the Estate of Jamie Roth, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No 3:23-cv-1380 ) |
| NFL NATIONAL FREIGHT LTD. and GURSIMRAN SINGH, | ) ) ) |
| Defendants. | ) ) |

## **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

NOW COMES Defendant, NFL National Freight Ltd. ("NFL"), by its attorneys, Johnson & Bell, Ltd., and hereby file this Notice of Removal to remove this action from the 20th Judicial Circuit Court, St. Clair County, IL, to the United States District Court for the Southern District of Illinois sitting at East St. Louis, IL, pursuant to 28 U.S.C. §§1332 and 1441. As grounds for removal, NFL states as follows:

1. This action is being removed to federal court based upon the complete diversity of citizenship between plaintiffs and defendants to this cause, and the existence of the requisite amount in controversy, all as more fully set forth below.

2. NFL was named as the Defendant in the case styled *Joe Roth, et al. v. NFL National Freight Ltd.,* Case No. 23 LA 0127 filed on February 7, 2023 in the 20th Judicial Circuit Court, St. Clair County, Illinois (hereinafter, the "State Court Action"). Pursuant to 28 U.S.C § 1446(a), a true and correct copy of Plaintiffs' Complaint in the State Court Action is attached hereto as Exhibit A. A true and correct copy of the docket sheet from the State Court Action is attached

hereto as Exhibit B. All actions of the State Court to date are reflected in Ex. B.  This case is being removed based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and pursuant to 28 U.S.C. § 1441(a).

3. Any civil action brought in a State Court of which the district courts of the United States have original jurisdiction may be removed by the defendants to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2). The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action of proceeding is based. 28 U.S.C. § 1446(b)(1).

4. For the purpose of diversity jurisdiction, corporations are citizens of the states in which they are incorporated and have their principal place of business. 28 U.S.C. § 1332(c)(1). 28 U.S.C.S. § 1332(c)(1) also states that a corporation is a citizen of the state in which it is incorporated, and also in the state in which its principal place of business is located.  The citizenship of a limited liability company is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citation omitted).

5. Defendant's Notice of Removal is timely filed. The State Court Action is a wrongful death action arising out of a motor vehicle collision that occurred on or about March 18, 2021 in or about Troy, IL. (Ex. A) Plaintiffs' Complaint was filed on February 3, 2023.  On or about March 17, 2023, plaintiff caused an Alias Summons to issue against NFL, a copy of which is attached hereto and incorporated herein as Ex. C.  The attempted service of summons failed, apparently

because the summons bore an incorrect address, as reflected in the return of service contained in Ex. C. On March 30, 2023, counsel for NFL advised plaintiffs' counsel that he had been authorized by defendant to accept service of summons on behalf of NFL and asked that plaintiffs' counsel forward a Waiver of Service form. (See March 30, 2023 email, Ex. D hereto) On April 17, 2023, plaintiffs' counsel forwarded NFL's counsel a Waiver of Service form, and on April 25, 2023, plaintiffs' counsel furnished NFL's counsel with a copy of the aforementioned Alias Summons (Ex. C) and a file-stamped copy of the Complaint. (Ex. A) On April 26, 2023, NFL's counsel executed and returned the Waiver of Service form to plaintiffs' counsel. Because less than thirty (30) days have elapsed since March 30, 2023, the date on which NFL's counsel advised plaintiffs' counsel that he was authorized to accept service, and because less than thirty (30) days have elapsed since April 25, 2023, the date NFL's counsel received a copy of the alias summons, Defendant's Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3).

6. Venue of this removed action is proper in this Honorable Court pursuant to 28 U.S.C. § 1441(a), as the Southern District of Illinois is where the State Court Action is pending.

7. It is Defendant's good faith belief that while liability, causation, and damages will be contested, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs. Plaintiffs' Complaint seeks recovery in excess of the minimum jurisdictional limits in Illinois of $50,000.00 on each of the six (6) counts of their Complaint. (Ex. B, at pp. 6, *et seq.*) Moreover, Plaintiffs seek recovery for the alleged wrongful death of their decedent, Jamie Roth. They bring wrongful death and survival actions against both NFL and the unserved codefendant herein. Verdicts for similar actions in Illinois where liability and causation are proven routinely exceed $75,000.00. Such allegations have been found to render removal of a state court case to federal court based on citizenship of the parties and the amount in controversy appropriate. *McCoy*

*v. General Motors Corp.*, 226 F. Supp. 2d 939 (N.D. Ill. 2002*); Varkalis v. Werner Co. & Lowe's Home Center*, 2010 U.S. Dist. LEXIS 84870 (N.D. Ill. 2010).

8.  Additionally, there is complete diversity of citizenship between the Plaintiffs and the Defendant. Defendant NFL is incorporated under the laws of British Columbia, and its principal place of business is at 12318 84th Ave. Unit 2, Surrey, BC V3M 0N2. Therefore, Defendant NFL is a citizen of British Columbia for purposes of removal. Plaintiffs are allegedly the half-siblings of the decedent who were appointed co-personal representatives of decedent's estate by the Probate Court of St. Charles County, MO and who are residents and citizens of the State of Missouri. (*See* Exhibit A, ¶1 – 3 and Ex. 1 to Ex. A, Notice of Letters of Administration Granted)[1]

9.  Finally, pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give all parties written notification of the filing of this Notice and will also promptly file a copy in the 20th Judicial Circuit Court, St. Clair County, where the State Court Action is currently pending.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that all parties take notice of the above and forgoing removal, that pursuant to the above-referenced authorities this Honorable Court exercise jurisdiction over the parties and subject matter in this case, and that Defendant be granted such other and further relief, general or special, legal, or equitable, to which it may be justly entitled.

        Respectfully submitted,

        NFL National Freight Ltd.

      By:  /s/ Kevin G. Owens
         One of its attorneys

---

[1] There is an **unserved** codefendant herein, Gurismran Singh, the alleged driver of the opposing vehicle involved in the occurrence alleged in plaintiffs' Complaint. Mr. Singh was employed by NFL at the time of the alleged occurrence and was at that time a citizen of India residing at 2060 Quingate Place, Apartment 408, Halifax, NS B3L4P7.

Kevin G. Owens
Il ARDC No.: 6185926
Johnson & Bell, Ltd.
33 West Monroe Street - Suite 2700
Chicago, Illinois 60603-5404
Telephone: (312) 372-0770
Facsimile: (312) 372-9818
owensk@jbltd.com

## **CERTIFICATE OF SERVICE**

      I certify that on April 26, 2023 I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which electronically sent notification to all counsel of record, and that I have caused a copy of same to be served on counsel of record via email this same date.

                                                      /s/ Kevin G. Owens
                                             Kevin G. Owens