Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Nora Sternau
23LA0127
St. Clair County
2/7/2023 2:45 PM
21373662

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| JOE ROTH, as Co-Administrator of the Estate of JAMIE ROTH, Deceased, KELLY KOZEMCZAK, as Co-Administrator of the Estate of JAMIE ROTH<br><br>Plaintiffs,<br><br>vs.<br><br>NFL NATIONAL FREIGHT LTD., and GURSIMRAN SINGH<br><br>Defendants. | No. 23LA0127 |

**COMPLAINT**

COME NOW, Plaintiffs Joe Roth and Kelly Kozemczak, as Co-Administrators of the Estate of Jamie Roth, and state to the Court as follows:

**PARTIES AND JURISDICTION**

1. Joe Roth is a half-sibling of Jamie Roth, decedent.

2. Kelly Kozemczak is a half-sibling of Jamie Roth, decedent.

3. Joe Roth and Kelly Kozemczak have been appointed by the Probate Court of St. Charles County, Missouri as Co-Personal Representatives of the Estate of Jamie Roth, and they are bringing this action in that capacity. *See Exhibit 1.*

4. Defendant NFL National Freight Ltd. ("NFL") is a foreign corporation, has its principal place of business in Canada, and as part of its usual and customary business acted as a commercial motor carrier engaged in interstate commerce transporting goods in the State of Illinois and throughout the United States; NFL may be served through its registered agent Michelle L. Carey of All American Agents of Process located at 150 South Wacker Drive, Ste. 2600, Chicago, IL 60606.


Ex. A to Notice of Removal

5. Defendant Gursimran Singh ("Defendant Singh") is, upon information and belief, an individual residing in Canada and may be served at his residential address at 2060 Quingate Place, Apt. 408, Halifax, Nova Scotia B3L4P7, and is subject to the jurisdiction of this court.

6. Defendant Singh was acting individually and as an agent, servant and/or employee of NFL, acting within the scope and course of his agency and employment for said Defendant.

7. At all times relevant herein, Defendant NFL acted individually and by and through its agents, servants, and/or employees, including Defendant Singh, acting within the scope and course of his agency and employment for Defendant NFL.

8. Jurisdiction is proper in this court because the case arises out of a motor vehicle collision that occurred in the State of Illinois.

9. Venue is proper in this court under 735 ILCS 5/2-101 because all of the Defendants are nonresidents of the State of Illinois.

## BACKGROUND

10. On or about March 18, 2021, Defendant Singh was driving a tractor-trailer eastbound on I-70 in Madison County, Illinois.

11. Near mile marker 18, Defendant Singh was in the right lane of traffic (southern-most lane) with Jamie Roth being two cars in front of him in a 2016 Scion.

12. The vehicle between Defendant Singh's and Jamie Roth's was a white truck.

13. Mike Carlson was driving in the lane to the left of Defendant Singh's but some distance behind.

14. Mr. Carlson became aware of a 2016 Scion being stopped in traffic.

15. Mr. Carlson looked over and saw Defendant Singh driving his tractor-trailer behind the 2016 Scion.

16. Defendant Singh was not braking or slowing.

17. Mr. Carlson sped up to catch up to Defendant Singh, in an attempt to try to alert him of the stopped 2016 Scion.

18. Once side by side with Defendant Singh's tractor-trailer, Mr. Carlson looked over at Defendant Singh's vehicle and noticed Defendant Singh had a phone in his hands on the steering wheel and was looking down toward it.

19. Mr. Carlson honked his horn numerous times and even yelled, trying to get Defendant Singh's attention.

20. Defendant Singh did not look up from his phone.

21. The white truck in front of Defendant Singh was able to pull over and avoid hitting Jamie Roth's vehicle.

22. At or around 12:41 p.m., Defendant Singh drove into the back of Jamie Roth's vehicle.

23. The Defendants' semi-truck continued to move another 400 feet before coming to rest.

24. The impact was such that the rear of Jamie Roth's vehicle was pushed inwards and upwards into the driver seat area.

25. The top part of the vehicle and the driver and passenger door were removed during extrication.

26. From when Mr. Carlson saw Jamie Roth's vehicle until the moment of impact, a minute or so passed and, during this time, upon information and belief, Defendant Singh never attempted to slow his vehicle because he was distracted by his cell phone.

27.     After the destruction of Jamie Roth's vehicle, Defendant Singh pulled over to the side of the road.

28.     The crash killed Jamie Roth, and she was pronounced dead at the scene.

## COUNT I
### (Wrongful Death Negligence/Defendant Singh)

COME NOW the Plaintiffs Joe Roth and Kelly Kozemczak, as Co-Administrators of the Estate of Jamie Roth, and pursuant to the Wrongful Death Act, 740 ILCS 180/1, state to the Court as follows:

29.     Plaintiffs incorporate by reference each and every allegation of paragraphs 1 through 28 as if set forth fully herein.

30.     Defendant Singh was subject to the Illinois Statutory Rules of the Road, 625 ILCS 5/11 as well as the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations), including but not limited to, the sections thereof as adopted by 625 ILCS 5/1 et seq.

31.     Defendant Singh violated numerous rules of the road as set forth by federal law and implemented by Illinois law including but not limited to: 49 C.F.R. 391.11 (a) ("A person shall not drive a commercial motor vehicle unless he/she is qualified to drive a commercial motor vehicle…"); 49 C.F.R. 391.11 (b)(3) (person must be able to "by reason of experience, training, or both, safely operate the type of commercial motor vehicle he/she drives…"); 49 C.F.R. 392.14 ("Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by … rain … adversely affect visibility or traction. Speed shall be reduced when such conditions exist …"); 49 C.F.R. 392.80 ("No driver shall engage in texting while driving"); 49 C.F.R. 390.5 (defining texting as any "electronic text retrieval or entry, short message serving, emailing, instant messaging, accessing the internet, or pressing more than a single button to make or

receive a call."); 49 C.F.R. 392.82 ("No driver shall use a hand-hold mobile telephone while driving a CMV.")

32. Defendant Singh was hired by Defendant NFL and was directed by Defendant NFL, through its agents, servants and employees, to transport various items throughout the United States, including the State of Illinois.

33. That Singh negligently, carelessly, or recklessly acted or failed to act, in one or more of the following ways, which, individually or in concert, was or were the proximate cause(s) of Jamie Roth's death:

    a. failing to keep a careful lookout;

    b. failing to sound a signal or warning, slacken speed, swerve, or stop;

    c. failing to comply with the posted speed limit;

    d. failing to reduce speed, operating a motor carrier at an excessive speed, in adverse weather conditions;

    e. failing to drive at the speed of other vehicles in heavy traffic conditions;

    f. driving over aggressively;

    g. driving while distracted;

    h. driving while on a cell phone;

    i. failing to use a handsfree cell phone device;

    j. using a handheld cell phone device while driving;

    k. driving while fatigued;

    l. failing to properly inspect and maintain the tractor trailer.

34. That one or more of the above-described negligent negligence, carelessness, and recklessness of Defendant Singh directly and proximately caused and/or directly contributed to cause Jamie Roth's death.

35. By reason of her death, Jamie Roth's next of kin have suffered the loss of Jamie Roth's society, love, affection, care, attention, companionship, comfort, guidance, and financial support.

WHEREFORE, the Plaintiffs Joe Roth and Kelly Kozemczak, as Co-Administrators of the Estate of Jamie Roth, demand judgment against Defendant Gursimran Singh, in an amount that will adequately compensate them for their aforesaid losses at time of trial, all in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus cost of suit and for such other relief as this Court deems just and proper.

## COUNT II
### (Wrongful Death – Imputed & Vicarious Liability/Defendant NFL)

COME NOW the Plaintiffs Joe Roth and Kelly Kozemczak, as Co-Administrators of the Estate of Jamie Roth, and pursuant to the Wrongful Death Act, 740 ILCS 180/1, state to the Court as follows:

36. Plaintiffs incorporate by reference each and every allegation of paragraphs 1 through 28 as if set forth fully herein.

37. At the time of the subject collision, Defendant Singh was under dispatch for Defendant NFL.

38. At the time of the subject collision, Defendant Singh was operating his vehicle on behalf of Defendant NFL.

39. Defendant Singh was subject to the Illinois Statutory Rules of the Road, 625 ILCS 5/11 as well as the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations), including but not limited to, the sections thereof as adopted by 625 ILCS 5/1 et seq.

40. Defendant NFL is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Singh in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

41. Defendant Singh violated numerous rules of the road as set forth by federal law and implemented by Illinois law including but not limited to: 49 C.F.R. 391.11 (a) ("A person shall not drive a commercial motor vehicle unless he/she is qualified to drive a commercial motor vehicle…"); 49 C.F.R. 391.11 (b)(3) (person must be able to "by reason of experience, training, or both, safely operate the type of commercial motor vehicle he/she drives…"); 49 C.F.R. 392.14 ("Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by … rain … adversely affect visibility or traction. Speed shall be reduced when such conditions exist …"); 49 C.F.R. 392.80 ("No driver shall engage in texting while driving"); 49 C.F.R. 390.5 (defining texting as any "electronic text retrieval or entry, short message serving, emailing, instant messaging, accessing the internet, or pressing more than a single button to make or receive a call."); 49 C.F.R. 392.82 ("No driver shall use a hand-hold mobile telephone while driving a CMV.")

42. That Defendant NFL is vicariously liable for Defendant Singh negligently, carelessly, or recklessly acting or failing to act, in one or more of the following ways, which, individually or in concert, was or were the proximate cause(s) of Jamie Roth's death:

    a. failing to keep a careful lookout;

    b. failing to sound a signal or warning, slacken speed, swerve, or stop;

    c. failing to comply with the posted speed limit;

    d. failing to reduce speed, operating a motor carrier at an excessive speed, in adverse weather conditions;

    e. failing to drive at the speed of other vehicles in heavy traffic conditions;

7

      f.   driving over aggressively;

      g.   driving while distracted;

      h.   driving while on a cell phone;

      i.   failing to use a handsfree cell phone device;

      j.   using a handheld cell phone device while driving;

      k.   driving while fatigued;

      l.   failing to properly inspect and maintain the tractor trailer.

43. That one or more of the above-described negligent negligence, carelessness, and recklessness of Defendant Singh directly and proximately caused and/or directly contributed to cause Jamie Roth's death.

44. By reason of her death, Jamie Roth's next of kin have suffered the loss of Jamie Roth's society, love, affection, care, attention, companionship, comfort, guidance, and financial support.

WHEREFORE, the Plaintiffs Joe Roth and Kelly Kozemczak, as Co-Administrators of the Estate of Jamie Roth, demand judgment against Defendant NFL, in an amount that will adequately compensate them for their aforesaid losses at time of trial, all in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus cost of suit and for such other relief as this Court deems just and proper.

## COUNT III
### (Wrongful Death – Negligent Hiring, Training, Supervision/Defendant NFL)

COME NOW the Plaintiffs Joe Roth and Kelly Kozemczak, as Co-Administrators of the Estate of Jamie Roth, and pursuant to the Wrongful Death Act, 740 ILCS 180/1, state to the Court as follows:

45. Plaintiffs incorporate by reference each and every allegation of paragraphs 1 through 28 as if set forth fully herein.

8

46. Defendant NFL was subject to the Illinois Statutory Rules of the Road, 625 ILCS 5/11 as well as the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations), including but not limited to, the sections thereof as adopted by 625 ILCS 5/1 et seq.

47. Defendant NFL was negligent in hiring Defendant Singh, in entrusting the tractor-trailer to him, and in retaining him when it knew or should have known he was incompetent as an operator by reason of inadequate training, medical history, and driving history.

48. Defendant NFL failed to perform adequate driver background checks of agents, servants and employees, including Defendant Singh.

49. Defendant NFL was negligent in failing to properly train, supervise, and monitor agents, servants, and employees, including Defendant Singh.

50. Defendant NFL was negligent in failing to implement a proper safety program.

51. That one or more of the above-described acts of negligence, carelessness, and recklessness of Defendant NFL directly and proximately caused and/or directly contributed to cause Jamie Roth's death.

52. By reason of her death, Jamie Roth's next of kin have suffered the loss of Jamie Roth's society, love, affection, care, attention, companionship, comfort, guidance, and financial support.

WHEREFORE, the Plaintiffs Joe Roth and Kelly Kozemczak, as Co-Administrators of the Estate of Jamie Roth, demand judgment against Defendant NFL, in an amount that will adequately compensate them for their aforesaid losses at time of trial, all in excess of

FIFTY THOUSAND DOLLARS ($50,000.00), plus cost of suit and for such other relief as this Court deems just and proper.

## COUNT IV
### (Survival Action – Defendant Singh)

COME NOW the Plaintiffs Joe Roth and Kelly Kozemczak, as Co-Administrators of the Estate of Jamie Roth, and pursuant to the Survival Act, 755 ILCS 5/27-6, and for their Complaint against Defendant Singh state to the Court as follows:

53. Plaintiffs incorporate by reference each and every allegation of paragraphs 1 through 28 as if set forth fully herein.

54. Defendant Singh was subject to the Illinois Statutory Rules of the Road, 625 ILCS 5/11 as well as the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations), including but not limited to, the sections thereof as adopted by 625 ILCS 5/1 et seq.

55. Defendant Singh violated numerous rules of the road as set forth by federal law and implemented by Illinois law including but not limited to: 49 C.F.R. 391.11 (a) ("A person shall not drive a commercial motor vehicle unless he/she is qualified to drive a commercial motor vehicle…"); 49 C.F.R. 391.11 (b)(3) (person must be able to "by reason of experience, training, or both, safely operate the type of commercial motor vehicle he/she drives…"); 49 C.F.R. 392.14 ("Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by … rain … adversely affect visibility or traction. Speed shall be reduced when such conditions exist …"); 49 C.F.R. 392.80 ("No driver shall engage in texting while driving"); 49 C.F.R. 390.5 (defining texting as any "electronic text retrieval or entry, short message serving, emailing, instant messaging, accessing the internet, or pressing more than a single button to make or

10

receive a call."); 49 C.F.R. 392.82 ("No driver shall use a hand-hold mobile telephone while driving a CMV.")

56. Defendant Singh was hired by Defendant NFL and was directed by Defendant NFL, through its agents, servants and employees, to transport various items throughout the United States, including the State of Illinois.

57. That Singh negligently, carelessly, or recklessly acted or failed to act, in one or more of the following ways, which, individually or in concert, was or were the proximate cause(s) of Jamie Roth's death:

    a. failing to keep a careful lookout;

    b. failing to sound a signal or warning, slacken speed, swerve, or stop;

    c. failing to comply with the posted speed limit;

    d. failing to reduce speed, operating a motor carrier at an excessive speed, in adverse weather conditions;

    e. failing to drive at the speed of other vehicles in heavy traffic conditions;

    f. driving over aggressively;

    g. driving while distracted;

    h. driving while on a cell phone;

    i. failing to use a handsfree cell phone device;

    j. using a handheld cell phone device while driving;

    k. driving while fatigued;

    l. failing to properly inspect and maintain the tractor trailer.

58. That one or more of the above-described negligent negligence, carelessness, and recklessness of Defendant Singh directly and proximately caused and/or directly contributed to cause Jamie Roth to suffer severe conscious pain and suffering prior to her death.

WHEREFORE, the Plaintiffs Joe Roth and Kelly Kozemczak, as Co-Administrators of the Estate of Jamie Roth, demand judgment against Defendant Gursimran Singh, in an amount that will adequately compensate them for their aforesaid losses at time of trial, all in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus cost of suit and for such other relief as this Court deems just and proper.

## COUNT V
### (Survival Action – Imputed & Vicarious Liability/Defendant NFL)

COME NOW the Plaintiffs Joe Roth and Kelly Kozemczak, as Co-Administrators of the Estate of Jamie Roth, and pursuant to the Survival Act, 755 ILCS 5/27-6, and for their Complaint against Defendant NFL state to the Court as follows:

59. Plaintiffs incorporate by reference each and every allegation of paragraphs 1 through 28 as if set forth fully herein.

60. At the time of the subject collision, Defendant Singh was under dispatch for Defendant NFL.

61. At the time of the subject collision, Defendant Singh was operating his vehicle on behalf of Defendant NFL.

62. Defendant Singh was subject to the Illinois Statutory Rules of the Road, 625 ILCS 5/11 as well as the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations), including but not limited to, the sections thereof as adopted by 625 ILCS 5/1 et seq.

63. Defendant Singh violated numerous rules of the road as set forth by federal law and implemented by Illinois law including but not limited to: 49 C.F.R. 391.11 (a) ("A person shall not drive a commercial motor vehicle unless he/she is qualified to drive a commercial motor vehicle…"); 49 C.F.R. 391.11 (b)(3) (person must be able to "by reason of experience, training, or both, safely operate the type of commercial motor vehicle he/she

12

drives…"); 49 C.F.R. 392.14 ("Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by … rain … adversely affect visibility or traction. Speed shall be reduced when such conditions exist …"); 49 C.F.R. 392.80 ("No driver shall engage in texting while driving"); 49 C.F.R. 390.5 (defining texting as any "electronic text retrieval or entry, short message serving, emailing, instant messaging, accessing the internet, or pressing more than a single button to make or receive a call."); 49 C.F.R. 392.82 ("No driver shall use a hand-hold mobile telephone while driving a CMV.")

64. Defendant NFL is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Singh in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

65. That Defendant NFL is vicariously liable for Defendant Singh negligently, carelessly, or recklessly acting or failing to act, in one or more of the following ways, which, individually or in concert, was or were the proximate cause(s) of Jamie Roth's death:

    a. failing to keep a careful lookout;

    b. failing to sound a signal or warning, slacken speed, swerve, or stop;

    c. failing to comply with the posted speed limit;

    d. failing to reduce speed, operating a motor carrier at an excessive speed, in adverse weather conditions;

    e. failing to drive at the speed of other vehicles in heavy traffic conditions;

    f. driving over aggressively;

    g. driving while distracted;

    h. driving while on a cell phone;

    i. failing to use a handsfree cell phone device;

    j. using a handheld cell phone device while driving;

    k. driving while fatigued;

    l. failing to properly inspect and maintain the tractor trailer.

  66. That one or more of the above-described negligent negligence, carelessness, and recklessness of Defendant NFL directly and proximately caused and/or directly contributed to cause Jamie Roth to suffer severe conscious pain and suffering prior to her death.

  WHEREFORE, the Plaintiffs Joe Roth and Kelly Kozemczak, as Co-Administrators of the Estate of Jamie Roth, demand judgment against Defendant NFL, in an amount that will adequately compensate them for their aforesaid losses at time of trial, all in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus cost of suit and for such other relief as this Court deems just and proper.

### COUNT VI
### (Survival Action – Negligent Hiring, Training, Supervision/Defendant NFL)

  COME NOW the Plaintiffs Joe Roth and Kelly Kozemczak, as Co-Administrators of the Estate of Jamie Roth, and pursuant to the Survival Act, 755 ILCS 5/27-6, and for their Complaint against Defendant NFL state to the Court as follows:

  67. Plaintiffs incorporate by reference each and every allegation of paragraphs 1 through 28 as if set forth fully herein.

  68. Defendant NFL was subject to the Illinois Statutory Rules of the Road, 625 ILCS 5/11 as well as the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations), including but not limited to, the sections thereof as adopted by 625 ILCS 5/1 et seq.

  69. Defendant NFL was negligent in hiring Defendant Singh, in entrusting the tractor-trailer to him, and in retaining him when it knew or should have known he was incompetent as an operator by reason of inadequate training

70. Defendant NFL was negligent in hiring Defendant Singh, in entrusting the tractor-trailer to him, and in retaining him when it knew or should have known he was incompetent as an operator by reason of inadequate training, medical history, and driving history.

71. Defendant NFL failed to perform adequate driver background checks of agents, servants and employees, including Defendant Singh.

72. Defendant NFL was negligent in failing to properly train, supervise, and monitor agents, servants, and employees, including Defendant Singh.

73. Defendant NFL was negligent in failing to implement a proper safety program.

74. That one or more of the above-described acts of negligence, carelessness, and recklessness of Defendant NFL directly and proximately caused and/or directly contributed to cause Jamie Roth to suffer severe conscious pain and suffering prior to her death.

WHEREFORE, the Plaintiffs Joe Roth and Kelly Kozemczak, as Co-Administrators of the Estate of Jamie Roth, demand judgment against Defendant NFL, in an amount that will adequately compensate them for their aforesaid losses at time of trial, all in excess of FIFTY THOUSAND DOLLARS ($50,000.00), for punitive damages, plus cost of suit and for such other relief as this Court deems just and proper.

Respectfully Submitted,

_/s/Kevin P. Etzkorn_
Kevin P. Etzkorn, #6286120
8821 Manchester Road
St. Louis, MO 63144
P: (314) 987-0009
F: (314) 470-4466
kevin@etzkornlawyers.com

AND

SHEA KOHL LAW, LC

By: _/s/ Nathan A. Steimel_
NATHAN A. STEIMEL    #6293876
400 North Fifth Street
St. Charles, Missouri 63301
(636) 946-9999 telephone
(636) 946-8623 facsimile
nsteimel@sheakohllaw.com

**ATTORNEYS FOR PLAINTIFF**

16



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division: PROBATE | Case Number: 2211-PR00290 | FILED<br>Cheryl Crowder<br>11th Judicial<br>Circuit Court<br>12/9/2022 |
|---|---|---|
| In the Estate of JAMIE N ROTH, Deceased. | | |

## Notice of Letters of Administration Granted
(Independent Administration)

**To All Persons Interested in the Estate of JAMIE N ROTH, Decedent:**

On DECEMBER 9, 2022, the following individuals were appointed the personal representative(s) of the estate of JAMIE N ROTH, decedent, by the Probate Division of the Circuit Court of St. Charles County, Missouri. The personal representatives' business addresses and phone numbers are:

KELLY KOZEMCZAK, 4 ALMA DR, ST. CHARLES, MO  63304, 636-373-3483

JOSEPH ROTH, 4538 SOUTHRIDGE MEADOWS ST, ST LOUIS, MO  63128, 314-223-5128

The personal representatives may administer the estate independently without adjudication, order, or direction of the Probate Division of the Circuit Court, unless a petition for supervised administration is made to and granted by the court.

The personal representatives' attorney's name, business address and phone number is:

MICHAEL P SHEA, 400 N FIFTH ST SUITE 200, ST CHARLES, MO  63301, 636-946-9999

All creditors of said decedent are notified to file claims in court within six months from the date of the first publication of this notice or if a copy of this notice was mailed to, or served upon, such creditor by the personal representative, then within two months from the date it was mailed or served, whichever is later, or be forever barred to the fullest extent permissible by law.  Such six-month period and such two-month period do not extend the limitation period that would bar claims one year after the decedent's death, as provided in Section 473.444, RSMo, or any other applicable limitation periods.  Nothing in Section 473.033, RSMo, shall be construed to bar any action against a decedent's liability insurance carrier through a defendant ad litem pursuant to Section 537.021, RSMo.

Date of the decedent's death: MARCH 18, 2021

Date of first publication: DECEMBER 21, 2022          /S/ Cheryl Crowder
                                                                                              Clerk

Receipt of this notice by mail should not be construed by the recipient to indicate that the recipient necessarily has a beneficial interest in the estate.  The nature and extent of any person's interest, if any, can be determined from the files and records of this estate in the Probate Division of the above referenced Circuit Court.



OSCA (4-07) PR225  (NLAI)                                          1 of 1                                          473.033, 473.783 RSMo